**Clair G. Burrill, Esq. - SBN 63930**
**Clair G. Burrill, P.C.**
**501 S. Reino Road, Suite 300**
**Thousand Oaks, CA 91320**
**Phone: (805) 375-1144**
**Fax: (805) 375-1146**
**E-mail: ClairBurrill@gmail.com**

**JD Sanchez, Esq. - SBN 246598**
**JD Sanchez, Attorney at Law**
**4101 McGowen Street, Suite 110-234**
**Long Beach, CA 90808**
**Phone: (949) 929-8730**
**Fax: (888) 875-8525**
**E-mail: jdsanchez.esq@gmail.com**

**Attorneys for Plaintiff**
**Mattie Music Group**
**dba Bleunig Music**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**MATTIE MUSIC GROUP**
**dba BLEUNIG MUSIC**

**Plaintiff,**

**vs.**

**CAPITOL RECORDS, LLC,**
**UNIVERSAL MUSIC GROUP, INC.,**
**SONY PUBLISHING (US) LLC, dba**
**SONY/ATV SONGS LLC,**
**KOBALT MUSIC PUBLISHING**
**AMERICA, INC. dba SONGS OF**
**KOBALT MUSIC PUBLISHING**

**and DOES 1 through 50**

**Defendants.**

**Case No.**

**COMPLAINT FOR**
**COPYRIGHT INFRINGEMENT**

Plaintiff, Mattie Music Group dba Bleunig Music ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked pursuant to the provisions of 28 U.S.C. §§ 1331, 1338(a)-(b), 1367(a) in that the controversy arises under the Copyright Act of 1976,

17 U.S.C. §101, et seq.

2. Venue is proper in this district under 28 U.S.C. §1391 and §1400(a) in that Defendants conduct business in this district and the claims alleged herein arose in this district.

## THE PARTIES

3. Plaintiff is, and at all times material has been, a California corporation with its principal office in Los Angeles County, California.

4. Defendant, Capitol Records, LLC, ("Capitol") is, and at all times material was, a Delaware limited liability company with a principal place of business located in Los Angeles County, California. Capitol is registered with the California Secretary of State and maintains a registered agent for service of process in California.

5. Defendant, Universal Music Group, Inc. ("UMG") is, and at all times material was, a Delaware corporation with a principal place of business located in Los Angeles County, California. UMG is registered with the California Secretary of State and maintains a registered agent for service of process in California.

6. Defendant, Sony Publishing (US) LLC dba Sony/ATV Songs LLC ("Sony") is, and at all times material was, a Delaware limited liability company with a principal place of business located in Los Angeles County, California. Sony is registered with the California Secretary of State and maintains a registered agent for service of process in California.

7. Defendant, Kobalt Music Publishing America, Inc. dba Songs of Kobalt Music Publishing ("Kobalt") is, and at all times material was, a Delaware corporation with a principal place of business located in Los Angeles County, California. Kobalt registered with the California Secretary of State and maintains a registered agent for service of process in California.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 50 and therefore sues these defendants by such fictitious names.

9. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. In doing the acts or committing the omissions described herein, each of the

defendants acted in concert with each of the other defendants with the express intention of depriving Plaintiff of the benefits to which Plaintiff was and is entitled as described herein and/or with the knowledge of Plaintiff's rights, and/or acted as agent for each of the other defendants within the course and scope of such agency, such that each defendant is legally responsible for Plaintiff's damages resulting from the acts or omissions of each of the other defendants as described herein, and all defendants are jointly and severally referred to as "Defendants" herein, except where otherwise specified.

**FACTS**

10. Plaintiff is a music publishing company and at all times material Bill Withers was a songwriter under contract with Plaintiff. While under contract with Plaintiff, Bill Withers co-wrote, with co-writers Ralph MacDonald and William Salter, the musical composition entitled "Just the Two of Us." By reason of its contract with Bill Withers, Plaintiff is a copyright proprietor of the registered musical composition "Just the Two of Us." A true copy of the Certificate of Copyright Registration, PA0000102060, 1981-04-01 for "Just the Two of Us" is attached hereto marked Exhibit A and made a part hereof. "Just the Two of Us" is herein referred to as the "Original Work."

11. A sound recording of the Original Work featuring performances by jazz saxophonist Grover Washington, Jr. and lead vocals by Bill Withers was released for sale to the public in February 1981 as a single. It reached number 2 on the US Billboard Hot 100 Chart and won the Grammy Award for Best R&B Song. Because of the Original Work's extraordinary and sustained commercial dissemination, including its Billboard success, Grammy recognition, decades of radio play, widespread streaming availability, and numerous commercially released cover versions, Olivia Dean, Bastian Langebæk, and Max Wolfgang had a reasonable opportunity to encounter the Original Work before creating "I've Seen It."

12. On or about September 26, 2025, Defendant Capitol released for sale to the public a sound recording album entitled "The Art of Loving" featuring performances of musical compositions by recording artist Olivia Dean. Included among the musical compositions

performed on the album is a musical composition entitled "I've Seen It" written and composed by Olivia Dean, Bastian Langebaek, and Max Wolfgang.

13. In early August, 2026, upon listening several times to "I've Seen It," representatives of Plaintiff came to what they considered to be the obvious and inescapable conclusion that "I've Seen It" copied in large and significant part the Original Work, including without limitation repeated copying of the distinctively protectable melody, and clearly infringed Plaintiff's copyrights in and to the Original Work.

14. Thereupon, Plaintiff engaged the services of musicologist, Alexander Stewart, Ph.D., to perform a musicological analysis and comparison of "I've Seen It" to the Original Work to ascertain if, in his expert opinion, there was evidence of substantial similarities.

15. Dr. Stewart conducted a preliminary musicological comparison and a search for similar prior art and concluded that the works contain substantial similarities in protectable musical expression, including repeated copying of the distinctively protectable melody.

16. Upon information and belief, Defendants UMG, Kobalt, and Sony, directly, and/or through their various subsidiaries and affiliates, were involved in the use, licensing, and other exploitation of the Infringing Work for financial gain.

17. On or about August 17, 2026, Plaintiff sent written notice to each Defendant identifying the registration, the accused composition, and the material musical similarities. Despite receiving notice, Defendants continued reproducing, distributing, licensing, publicly performing, and commercially exploiting the Infringing Work.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement Against All Defendants)

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

19. Plaintiff is a proprietor of copyrights in and to the Original Work, which is registered with the U.S. Copyright Office.

20. Upon information and belief, Defendants, and each of them, clearly had access to the Original Work in that it was a worldwide hit song achieving a significant Billboard

Chart position, receiving a Grammy, and covered by dozens of recording artists across various musical genres.

21. Independently of the widespread-dissemination evidence, the number, character, and arrangement of the shared musical features are so striking that they support an inference that the similarities did not result from coincidence, independent creation, or reliance on common musical elements.

22. Upon information and belief, Defendants, and each of them, without authorization from Plaintiff and in violation of Plaintiff's rights, reproduced, distributed, created derivative works of, and publicly performed the Original Work, or authorized or licensed some or all of the foregoing to others. They did so by creating, offering for sale and download, selling, reproducing, distributing, creating derivative works of, and publicly performing the Infringing Work, or authorizing or licensing some or all of the foregoing to others, all without authorization from and compensation to Plaintiff. In that regard, Defendants Capitol and UMG distributed and exploited sound recordings of the Infringing Work and Defendants Sony and Kobalt licensed and exploited publishing rights in the Infringing Work.

23. Due to the acts of copyright infringement by Defendants, and each of them, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to the acts of copyright infringement by Defendants, and each of them, Defendants have obtained profits they would not have realized but for their infringements. Accordingly, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements in an amount to be established at trial.

25. Defendants, and each of them, have intentionally copied and used the Original Work and continue to profit from such copying and using but have failed and still refuse to pay Plaintiff any compensation therefor, all in violation of 17 U.S.C. §501.

26. As a result of the acts of copyright infringement by Defendants, and each of them, Plaintiff is entitled, pursuant to the provisions of 17 U.S.C §502, to temporary, preliminary, and permanent injunctive relief in order to prevent and restrain further ongoing acts of

copyright infringement by Defendants, and each of them, and to the damages suffered by Plaintiff as a result thereof.

27. Plaintiff is also entitled, pursuant to 17 U.S.C §503, to an order authorizing seizure, impounding, and/or destruction of all copies of the Infringing Work which have been made and/or sold in violation of Plaintiff's rights, together with all machines, implements, or other means by which such copies may be produced.

28. Plaintiff has suffered and will continue to suffer monetary damages in an amount according to proof and is entitled to recover such damages, including actual damages and the profits of Defendants, and each of them, attributable to the infringements, pursuant to the provisions of 17 U.S.C. §504.

29. Upon information and belief, Defendants' conduct, and the conduct of each of them as alleged herein was done with actual or constructive knowledge of, and/or reckless disregard or willful blindness for, Plaintiff's rights in the Original Work, such that Defendants' infringements were, and continue to be, willful.

30. Plaintiff has been forced to incur, will continue to incur, and is entitled to recover its costs and attorneys' fees, in amounts according to proof at the time of trial.

## Prayer For Relief

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. An injunction permanently restraining and enjoining Defendants, and each of them, and anyone working for, with, or in concert with Defendants, from further infringing Plaintiff's copyrights in and to the Original Work.

2. Awarding all of Plaintiff's losses and damages directly and indirectly attributable to the acts of copyright infringement by Defendants, and each of them, plus all the profits of Defendants, and each of them, derived from the acts of copyright infringement by Defendants, and each of them, of Plaintiff's copyrights in and to the Original Work, the exact sums to be proven at the time of trial;

3. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

4. Awarding Plaintiff all of its costs incurred in this action;

5. Awarding Plaintiff statutory damages pursuant to 17 U.S.C. Section 504(c) up to $150,000 for willful infringement;

6. Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

7. For such other relief as the court may deem just and proper.

Dated: 9/30, 2026

Respectfully submitted,

Clair G. Burrill, Esq.

JD Sanchez, Esq.
Attorneys for Plaintiff Mattie Music Group
dba Bleunig Music